KARISH & BJORGUM PC
Eric Bjorgum, Esq. (State Bar No. 198392)
Email: eric.bjorgum@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA  91103
Telephone:  (213) 785-8070
Facsimile: (213) 995-5010

Attorneys for Plaintiff INDUSTRY
ADVANCED TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRY ADVANCED TECHNOLOGIES, INC., a California corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>MATTHEWS STUDIO EQUIPMENT, INC. a California corporation; PROGRESSIVE MANUFACTURING, a sole proprietorship; McCANTS INDUSTRIES, INC., A California Corporation.<br><br>             Defendants. | Case No.<br><br> **COMPLAINT FOR:**<br>**1.  DECLARATORY RELIEF**<br>**2.  TRADEMARK INFRINGEMENT**<br>**3.  FALSE DESIGNATION OF ORIGIN**<br>**4.  COMMON LAW TRADEMARK INFRINGEMENT**<br>**5.  STATUTORY UNFAIR COMPETITION**<br>**6.  COMMON LAW UNFIAR COMPETITION**<br>**7.  BREACH OF CONTRACT**<br>**8.  INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**<br><br>**JURY DEMANDED** |

        1.     COMES NOW Plaintiff Industry Advanced Technologies, Inc. ("IAT"
or "Plaintiff") and complains against Defendants Matthews Studio Equipment, Inc.

("MSE"), Progressive Manufacturing ("Progressive") and McCants Industries ("McCants"), and DOES 1 through 10 (collectively, "Defendants"), as follows:

## NATURE OF ACTION

2.      By this Complaint, Plaintiff IAT brings claims arising from wrongful manufacturing, distribution, advertising, and sales of counterfeit products marketed as Plaintiff's INTEL-A-JIB™ camera mount product.

3.      In 2009, Plaintiff entered into an "Intel-A-Jib Pro" distribution agreement with Defendant MSE regarding Plaintiff's INTEL-A-JIB ™ (the "Mark") camera mount product (the "2009 MSE Agreement").  That agreement was terminated in September, 2011.  Plaintiff decided to stop manufacturing and distributing, and, in 2011, entered into a Manufacturing, Distribution, and Trademark License Agreement with Defendant Progressive.  Sometime in late 2015 or early 2016, Progressive sold its business to Defendant McCants, which also signed a Confidentiality and Non-Disclosure Agreement.

4.      In late 2016 and early 2017, Plaintiff had a variety of interactions with MSE and McCants that led him to believe that its INTEL-A-JIB™ camera mount product was being manufactured and sold without a full accounting.  Plaintiff demanded return of products and drawings, but never received assurances that all the product was returned.

5.      IAT inquired of Defendants and received either implausible explanations or no response at all.  Eventually, Defendant MSE asserted that it owned the trademark rights to INTEL-A-JIB and even filed a fraudulent trademark application stating that it knew of nobody else who had a right to use the Mark.  At that point, it became obvious that MSE had been colluding with McCants and/or Progressive to provide its own counterfeit INTEL-A-JIB™ camera mount product without having to account to Plaintiff.

6.      Plaintiff therefore is constrained to bring this action for declaratory relief seeking a declaration of ownership of the INTEL-A-JIB trademark and

bringing claims for trademark infringement, interference with contract, breach of contract, unfair competition and related claims.

## PARTIES

7.    Plaintiff IAT is a California corporation with its principal place of business in Simi Valley, California.

8.    Defendant Matthews Studio Equipment, Inc. is a California corporation with its principal place of business in Burbank, California.

9.    Defendant McCants Industries is a California corporation  with its principle place of business in Camarillo, California.

10.    Defendant Progressive Manufacturing is, on informatin and belief, a sole proprietorship based in or around Simi Valley, California.

11.    Plaintiff is currently unaware of the identities of Defendants DOES 1-10, inclusive, and for that reason sues them via fictitious names.

## JURISDICTION AND VENUE

12.    This is a claim for trademark infringement and unfair competition, under Title 15, U.S.C. Sections 1051 et seq., as amended (hereinafter the "Lanham Act").

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a), 1367 and the U.S. Constitution because this Complaint raises federal questions under the Lanham Act. This Court further has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202.

14.    Defendants have transacted business within the State of California, and the Central District of California, and are subject to the personal jurisdiction of this Court.

15.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

16.     This Complaint arises out of business arrangements between Plaintiff IAT and Defendants.  Plaintiff sells a product known as the INTEL-A-JIB™ camera mount.  The INTEL-A-JIB™ camera mount is used to mount high-end cameras and camera pan/tilt remote head systems, usually for professional film and video use. The  INTEL-A-JIB™ camera mount is unique in that its design allows it to be assembled and broken down and put into a case or bag without the use of  tools.

17.     Plaintiff has been manufacturing and selling the INTEL-A-JIB™ camera mount since approximately 2004. Plaintiff has owned and used, or licensed the domain names <intel-a-jib.com> and <intelajib.com> since approximately 2007. Plaintiff has been selling, renting or licensing under the INTEL-A-JIB™ Mark since approximately 2004.

18.     In 2009, Plaintiff entered into an agreement with Defendant MSE to establish MSE as the exclusive worldwide distributor of IAT's INTEL-A-JIB™ Pro dual length jib arm product (the "2009 Agreement").  The term of the 2009 Agreement was two years.  Pursuant to the 2009 Agreement, MSE had a license to use the INTEL-A-JIB™ trademark and related trademarks, and, upon termination of the 2009 Agreement, MSE was to cease use of the same.  MSE was required to mark INTEL-A-JIB™ camera mounts.  MSE also acknowledged that IAT owned all intellectual property rights to the INTEL-A-JIB™ camera mounts.  A true and correct copy of the 2009 Agreement is attached hereto as Exhibit A and incorporated by reference.

19.     On September 26, 2011, Plaintiff terminated the 2009 Agreement. Plaintiff also decided to license the manufacturing, distribution and trademark of its INTEL-A-JIB™ camera mounts though Defendant Progressive, which sold to MSE. On September 27, 2011, Plaintiff entered into a Manufacturing, Distribution & Trademark License Agreement with Defendant Progressive Manufacturing (the "2011 Progressive Agreement").  The term of the 2011 Progressive Agreement was five years.  The 2011 Progressive Agreement also included a limited license to use

the INTEL-A-JIB mark.  A copy of the 2011 Progressive Agreement is attached hereto as Exhibit B and incorporated herein by reference.

20.    The Progressive Agreement states at Paragraph 5:

any and all changes to engineering and designs . . . shall not disclose or transfer to any third party any engineering or designs without the express written consent of LICENSOR.  LICENSEE shall provide LICENSOR with copies of all engineering used in the manufacturing of the licensed products.

21.    Upon information and belief, at some point in late 2015 or early 2016, Defendant Progressive was sold to Defendant McCants Industries, Inc.  In July, 2016, Plaintiff and McCants entered into a Confidentiality and Non-Disclosure Agreement ("2016 McCants Agreement").  Pursuant to that Agreement, McCants was to provide manufacturing services for the INTEL-A-JIB$^{TM}$ camera mount.  Pursuant to the 2016 Agreement, all information disclosed under the agreement was to remain confidential, including manufacturing information and customer information, including the identities of all of Plaintiff's customers.  A copy of the 2016 McCants Agreement is attached hereto as Exhibit C and incorporated by reference herein.

22.    The 2016 McCants Agreement provided, *inter alia*, that Confidential Information protected under the Agreement included:

"patterns, tooling, molds, jigs, dies, methods, techniques, specifications;" "production data, technical and engineering data;" "purchasing and internal costs information, internal services and operational manuals;" "price and cost data;" and "names of customers and their representatives, contracts, and their contents and parties customer services, data provided by customers and the type, quantity and specifications of products and services purchased, leased, licensed or received by clients of the Provider."  (Paragraph 2.)

23.    The 2016 McCants Agreement also provided that McCants "will not, for a period of five (5) years, be directly or indirectly involved with a business that

manufactures the same product that is the subject matter (the Permitted Purpose') of this Agreement." (Paragraph 8.)

24.    The 2016 McCants Agreement also provided that Mcants "will not divert or attempt to divert from the Provider any business the Provider had enjoyed, solicited, or attempted to solicit, from its customers at the time the parties entered into this Agreement." (Paragraph 7.)

25.    During the entire time following the termination of 2009 Agreement, Defendant MSE continued to distribute and sell the INTEL-A-JIB$^{TM}$ camera mount on a non-exclusive basis. Defendant MSE received and paid multiple invoices from Plaintiff, all designating INTEL-A-JIB as a trademark of Plaintiff, and Defendant Progressive paid Plaintiff royalties for the use of its INTEL-A-JIB trademark under the 2011 Agreement.  MSE received many invoices from Plaintiff showing that it controlled the Mark.  MSE's paperwork acknowledged that Plaintiff controlled the Mark.

26.    Despite termination of the 2009 Agreement, MSE and Plaintiff still operated within the spirit of that Agreement, with MSE continuing to recognize Plaintiff's trademark rights and prorpietary rights in Plaintiff's design, and  MSE continuing to pay defendant Progressive and Plaintiff for orders.

27.    In 2017, it came to the attention of Plaintiff that Defendants had committed multiple violations of the 2009 MSE Agreement, the 2011 Progressive Agreement, and the 2016 McCants Agreement.  Specifically:

(a)  Defendant Progressive refused to return engineering drawings of the INTEL-A-JIB$^{TM}$ camera mount, even though Plaintiff expressly requested return of those drawings.

(b)  Defendant McCants manufactured more of the INTEL-A-JIB$^{TM}$ products and components than necessary under legitimate purchase orders, thus creating a surplus of proprietary products for its own use.  Defendant McCants demanded payment for return of those items.

(c)  Defendant McCants began dealing directly with Defendant MSE for the INTEL-A-JIB$^{TM}$ camera mount products.

(d)  Defendant MSE began to represent that it was the owner of the INTEL-A-JIB trademark, going so far as attempting to register the trademark with the United States Patent and Trademark Office.  That trademark application included a certification under penalty of perjury, signed by MSE's attorney, that MSE knew of no other entity that could claim rights to the INTEL-A-JIB mark.  It also claimed a first use date of 2011.  Both of these representations are false and constitute fraud on the trademark office as well as violation of the 2009 Agreement.

(e)  On information and belief, Defendants began working together to "cut out" Plaintiff from the  INTEL-A-JIB$^{TM}$ camera mount market, even though all Defendants had, at various times, recognized that the INTEL-A-JIB trademark, customer information and all related intellectual property are owned by Plaintiff.

28.     On information and belief, MSE still sells products under the Mark, and has recently told prospective customers that it "cannot keep them in stock." Amazingly, MSE recently attempted to order components for INTEL-A-JIB$^{TM}$ products from Plaintiffs.

29.     During the entire time following the termination of 2009 Agreement, Defendant MSE continued to distribute and sell the INTEL-A-JIB$^{TM}$ camera mount on a non-exclusive basis. Defendant MSE received and paid multiple invoices from Plaintiff, all designating INTEL-A-JIB as a trademark of Plaintiff, and defendant Progressive paid Plaintiff royalties for the use of its INTEL-A-JIB trademark under the 2011 Progressive Agreement.

## FIRST CLAIM FOR RELIEF

### For Declaratory Relief

### (Against Defendant MSE)

01608-00004/7212093.1

30.     Plaintiff re-alleges the facts above in paragraphs 1 - 29 as though fully set forth herein.

31.     An actual controversy also exists between the parties regarding whether Plaintiff owns the trademark INTEL-A-JIB for camera-related products.  Plaintiff has been licensing and using INTEL-A-JIB for camera-related products since at least 2004.

32.     Plaintiff has licensed the mark, received royalties and overseen the quality of goods produced under the Mark.

33.     On or about June 26, 2017, Plaintiff's counsel received a letter from its former distributor stating that it owned the Mark.  Plaintiff later discovered that Defendant MSE filed for a federal registration on the mark, claiming priority of use back to 2011.  The application was signed for by Defendant MSE's attorney, who knew of a dispute between the parties as to ownership of the mark.

34.     There is thus currently a justiciable dispute between the parties involving the ownership of the Mark INTEL-A-JIB for use in connection with camera mounts and jib products.  Plaintiff is continuing to use the Mark and intends to do so in the future.

35.     Therefore, Plaintiff requests that the Court grant declaratory relief, declaring that Plaintiff owns the INTEL-A-JIB Mark in connection with camera mounts and designs.

36.     Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### For Trademark Infringement  -- Lanham Act Section 43(a)
### (Against McCants and MSE)

37.     Plaintiff re-alleges the facts above in paragraphs 1 - 29 as though fully set forth herein.

38.     Defendant MSE continues to use the INTEL-A-JIB trademark without Plaintiff's permission.  Upon information and belief, McCants still sells products as INTEL-A-JIB products.

39.     Defendants' use of the Mark is likely to cause confusion as to the source and origin of the Defendants' products, as well as mislead consumers to believe that Defendants' jib products arise from Plaintiff.

40.     Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill.  Plaintiff has no adequate remedy at law.

41.     Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs.  Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

42.     Plaintiff is informed and believes, and on that basis avers, that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiff's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's INTER-A-JIB Mark.

### THIRD CLAIM FOR RELIEF

**False Designation of Origin -- 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

43.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 29 of this Complaint as if fully set forth herein.

44.     Plaintiff built considerable goodwill and public recognition in the INTEL-A-JIB Mark.

45.     Plaintiff does not authorize or consent to Defendants' use of the INTEL-A-JIB Mark.  Defendants' use of the INTEL-A-JIB Mark by, without

limitation, creating, promoting, offering for sale and selling INTEL-A-JIB products without Plaintiff's permission is likely to cause, confusion, mistake, and/or deception of others as to the origin, sponsorship, approval, affiliation, or association of Defendants' goods and services and Plaintiff's goods and services, in violation of the Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

46.    Defendants' use of the marks has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial by, *inter alia*, confusing consumers  and constitutes unfair competition and infringement of Plaintiffs' marks in violation of 15 U.S.C. § 1125(a).

47.    Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs.  Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

48.    Plaintiff is informed and believes, and on that basis avers, that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiff's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's INTEL-A-JIB Mark.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**For Common Law Trademark Infringement**

**(Against All Defendants)**

49.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 29 of this Complaint as if fully set forth herein.

50.    The above-described acts of Defendants constitute common law trademark infringement.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which it has no adequate remedy at

law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

51.     Plaintiff is informed and believes, and on that basis avers, that the foregoing acts of the Defendants are fraudulent, oppressive, willful and malicious in that they have been undertaken with a conscious disregard of Plaintiff's rights and with a desire to injure Plaintiff's business and to improve their own, and entitle Plaintiff to punitive or exemplary damages.

## FIFTH CLAIM FOR RELIEF

### For Unfair Competition, Cal. Bus. & Prof. Code §17200

### (Against All Defendants)

52.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 29 of this Complaint as if fully set forth herein.

53.     Defendants' actions as described herein constitute unlawful, unfair or fraudulent business practices as those terms are defined in Cal. Bus. & Prof. Code § 17200.

54.     Plaintiff is entitled to restitution or disgorgement of all profits gained by Defendants as a result of their unfair competition.  They are further entitled to an injunction against further unfair business practices.

55.     Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## SIXTH CLAIM FOR RELIEF

### For Common Law Unfair Competition

### (Against all Defendants)

56.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 – 29 of this Complaint as if fully set forth herein.

57.     The above-described acts of Defendants constitute common law unfair competition in that Defendants are passing off their goods and services as those of the Plaintiff.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

58.     Plaintiff is informed and believes, and on that basis avers, that the foregoing acts of the Defendants are willful and malicious in that they have been undertaken with a conscious disregard of the Plaintiff's rights and with a desire to injure the Plaintiff's business and to improve their own, such that punitive or exemplary damages should be awarded against Defendants.

## SEVENTH CLAIM OF RELIEF

### For Breach of Contract

### (Against All Defendants)

59.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 29 of this Complaint as if fully set forth herein.

60.     Each of the Defendants here has breached their contract with Plaintiff. Specifically, Defendant MSE has sold items in violation of the Distribution Agreement and has wrongfully asserted intellectual property rights.

61.     Defendant McCants, the successor to Progressive Manufacturing, has violated the McCants Confidentiality and Non-disclosure Agreement by, *inter alia*, entering into the jib business; soliciting Plaintiff's customers; utilizing Plaintiff's proprietary manufacturing technology; and, as these terms are defined in the McCants Agreement, wrongfully utilized Plaintiff's Work Product, Other Proprietary Data, Production Processes and Customer data.

62.     Defendant Progressive Manufacturing has violated his contract by failing to return copies of engineering information used in the manufacturing of the licensed products, in violation of paragraph 4(b).

63.     All Defendants have violated their agreements not to unfairly compete or solicit Plaintiff's clients.

64.     The above-described acts of Defendants breach of contract.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

65.     As a result of Defendants' Breach of Contract, Plaintiff is entitled to lost profits, diminution of its goodwill, disgorgement of Defendants' profits and revenues, and general and special damages.

## EIGHTH CLAIM FOR RELIEF

### For Interference With Contractual Relationships

### (Against MSE and McCants)

66.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 29 of this Complaint as if fully set forth herein.

67.     Defendants McCants and MSE have, by the foregoing acts, engaged in interference with contract.  Defendant McCants has interfered with Plaintiff's contract with MSE by selling INTEL-A-JIB$^{TM}$ and related jib products, attempting to work around Plaintiff.  On information and belief, MSE has interference with Plaintiff's contract with McCants by approaching McCants to engage in the manufacture ansd distribution of competing jib products.

68.     On information and belief, MSE and McCants violated their onging duties of confidentiality under their relevant Agreements.

69.     Plaintiff is informed and believes, and on that basis avers, that the foregoing acts of the Defendants are willful and malicious in that they have been undertaken with a conscious disregard of the Plaintiff's rights and with a desire to injure the Plaintiff's business and to improve their own, such that punitive or exemplary damages should be awarded against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, on the basis of the foregoing wrongful acts by Defendants, Plaintiff IAT prays for judgment as hereinafter set forth:

1. For a Declaration that Plaintiff owns all rights in the INTEL-A-JIB trademark and service mark;

2.  For special and general damages in an amount to be ascertained at trial;

3. For punitive or exemplary damages;

4.  For an order declaring Plaintiff's ownership of all intellectual property rights and proprietary rights in connection with the INTEL-A-JIB ™ camera mounts;

5. For the imposition of a constructive trust holding all income derived from Plaintiff's property and trademarks;

1         6.  For a preliminary and permanent injunction restraining Defendants

2    from (i) approaching Plaintiff's customers and otherwise violating their duties of

3    confidentiality and non-petitition under the Agreements, and (ii) violating Plaintiff's

4    trademark and service mark rights;

5         7. For a prejudgment writ of attachment, as necessary;

6         8. For attorneys' fees and costs of suit herein; and

7         9. For such further relief as this court shall deem just and proper.

8    DATED:  July 6, 2017           KARISH & BJORGUM, PC

9

10

11

12                      Eric Bjorgum
                       ATTORNEYS FOR PLAINTIFF

13                      INDUSTRY ADVANCED
                       TECHNOLOGIES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all

issues raised by its counterclaims which are properly triable to a jury.


    Dated:  July 6, 2017                  Respectfully submitted,



                                    By:_____
                                    A. Eric Bjorgum
                                    KARISH & BJORGUM PC
                                    Attorneys for Plaintiff INDUSTRY
                              ADVANCED TECHNOLOGIES, INC.